**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                                        No. 4:05CR00262 JLH

MACS RAY PRIDDY

**ORDER**

This Order is issued in response to the opinion of the United States Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005).

1. The Probation Office must conduct a presentence investigation and prepare a presentence report as provided in Fed. R. Crim. P. 32 and 18 U.S.C. § 3552, and the parties must likewise continue to adhere to the requirements of Fed. R. Crim. P. 32.

2. To inform the parties as to the process which the Court expects to follow in determining a sentence in this case, the Court hereby advises the parties of the following:

    (a) The Court expects to conduct three levels of analysis in determining an appropriate sentence:

       (1) The Court will first calculate a guideline sentence without reference to any departure from the Sentencing Guidelines that may be permitted by the Guidelines themselves (the "Guideline Sentence").

       (2) The Court will next consider whether a sentence should be imposed that departs from the Sentencing Guidelines, following the criteria stated in the Guidelines at Sections 5K1.1 to 5K3.1 and applicable Guidelines case law permitting such departures (the "Departure Sentence").

        (3)      The Court will next consider whether a sentence should be imposed that is different from either the Guideline Sentence or the Departure Sentence (if any), after considering the factors set forth in 18 U.S.C. § 3553(a) (the "Non-Guideline Sentence").

(b)      The Court expects to give substantial weight to the Sentencing Guidelines, including the departure provisions of the Guidelines, and will impose a Non-Guideline Sentence only for clearly identified and persuasive reasons.

(c)      Notwithstanding the foregoing, any party may, by appropriate motion or objection, seek to persuade the Court that a different analytical framework is appropriate, or otherwise raise relevant issues of law.

3.      To provide for a fair and orderly sentencing procedure, the following requirements apply if a party seeks to have the Court impose a Non-Guideline Sentence:

(a)      Any party seeking to have the Court impose a Non-Guideline Sentence must, within 14 days after receiving the initial version of the presentence report, or 14 days after this Order is entered, whichever is later, submit a Sentencing Memorandum that must include the following:

        (1)      the Non-Guideline Sentence the party seeks to have the Court impose;

        (2)      the reasons the party believes the Non-Guideline Sentence is appropriate, including the reasons the sentence satisfies the factors set forth in 18 U.S.C. § 3553(a); and

        (3)      any additional facts, not stated in the presentence report, upon which the party intends to rely.

(b) Any documents or other exhibits submitted in support of a Non-Guideline Sentence must be filed with the Sentencing Memorandum.

(c) A Sentencing Memorandum may address a request for a Departure Sentence, a request for a Non-Guideline Sentence, or any other issue relevant to sentencing.

(d) Any opposition or objection to any Sentencing Memorandum, exhibit, or other item submitted in support of sentencing, must be filed within seven days after service of the Sentencing Memorandum or other materials to which objection is made.

(e) Copies of all Sentencing Memoranda and other materials submitted under Section 3 of this Order must be provided to the Probation Office.

(f) For good cause shown, the Court may modify the above requirements or take such other steps as justice may require.

IT IS SO ORDERED this 20th day of January, 2006.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

\CRIMINAL\405CR262 sentencing order.1.20.06.wpd